# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-215V
Filed: October 8, 2019
UNPUBLISHED

| | |
|---|---|
| JULIA BALASCO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 26, 2019, petitioner moved for an award of interim attorneys' fees and costs in the amount of $83,412.75. (ECF No. 65.) In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs. (ECF No. 68.) However, respondent did note that he is satisfied that the statutory requirements for an award of attorneys' fees and costs have been met in this case. (*Id.* at 2.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $82,408.75.

### I.     Procedural History

Petitioner filed this claim on February 14, 2017, seeking compensation for, *inter alia*, postural orthostatic tachycardia syndrome ("POTS") and autonomic dysfunction

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

caused by the Gardasil human papillomavirus ("HPV") vaccination.[2] (ECF No. 1.) This case was originally assigned to Special Master Millman. (ECF No. 4.) Petitioner filed an initial statement of completion on April 12, 2017. (ECF No. 9.) Additional records were required and an amended statement of completion was filed on June 23, 2017. (ECF No. 15.)

Thereafter, petitioner filed expert reports by Drs. Yehuda Shoenfeld and Mitchell Gordon Miglis, along with supporting literature, in October, November, and December of 2017. (ECF Nos. 22-28.) Respondent then filed a Rule 4 Report recommending against a finding of entitlement to compensation and two responsive expert reports by Drs. Whitton and Talman in May of 2018. (ECF Nos. 35-36.) Petitioner filed responsive supplemental reports by Drs. Shoenfeld and Miglis in June and July of 2018. (ECF Nos. 37-40.) Respondent, in turn, also filed a supplemental expert report by Dr. Talman. (ECF No. 42.)

On November 5, 2018, petitioner filed a letter by Michaela Balasco memorializing petitioner's desire to avoid a hearing and petitioner filed a motion for a ruling on the record on November 5, 2018. (ECF Nos. 49-50.) Petitioner's motion was fully briefed by January 21, 2019 (ECF Nos. 54, 55); however, due to Special Master Millman's retirement and additional filings by the parties, the motion did not immediately become ripe.

On July 18, 2019, this case was reassigned to me. (ECF No. 61.) On August 5, 2019, I held a status conference during which petitioner confirmed that she wished to proceed with her motion for a ruling on the record. (ECF No. 63.) Subsequently, petitioner filed a motion for an award of interim attorneys' fees and costs on August 26, 2019. (ECF No. 65.) At that time, petitioner's motion for a ruling on the record was pending, but not yet ripe for decision. (ECF No. 63.)

Respondent filed his response to the instant motion on August 28, 2019 (ECF No. 68) and petitioner filed no reply. Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II. Discussion

### a. An Award of Interim Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In his

---

[2] Initially this case was captioned as Michaela Balasco and Steven Balasco on behalf of their minor child, J.B. The caption was changed on October 18, 2018, after Julia Balasco reached the age of majority. (ECF No. 47.)

2

response, respondent indicated that he is satisfied this statutory standard has been met in this case. (ECF No. 68, p. 2.) I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Respondent deferred to my discretion as to whether the standard for an interim award of fees and costs is appropriate in this case. (ECF No. 68, p. 2.)

Here, petitioner's request for interim fees and costs is made after more than two years of litigation within the entitlement phase of this case and after petitioner incurred expenses for two different expert opinions to support her claim. And, although petitioner's motion also comes after petitioner moved for a ruling on the record, that motion has not yet been decided and, given the possibilities of either a damages phase of litigation and/or a motion for review, the timing of the ultimate resolution of this claim remains unknown. Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### b. Reasonableness of the Requested Award

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

In this case, petitioner seeks interim attorneys' fees of $63,726.00 and costs of $19,686.75, including $18,340.00 in expert costs. (ECF No. 65-1, pp. 47-49.) I have reviewed the billing records submitted with petitioner's request and, in my experience, the hourly rates billed for attorney time, paralegal time, and expert time, are all reasonable and also in accord with prior awards made by other special masters. Additionally, I find that the requested interim attorneys' costs are all reasonable.

However, turning to the hours billed, special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL

7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for attending the same case meetings/conferences, communicating with each other regarding the same matters, and reviewing/receiving the same orders and medical records.  These duplicative billing entries result in a **reduction of $843.00** of the interim fee award.[3]

Additionally, the hours billed by paralegal Danielle Avery for processing payment are considered administrative tasks and thus, will be reduced.  *See Tucker v. Sec'y of Health & Human Servs.*, No. 17-566V, 2019 WL 1796124, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019) (adjusting the overall award to reduce time billed by paralegal Danielle Avery for processing payments).  These administrative billings result in a further **reduction of $161.00** of the interim fee award.[4]

### III.    Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $82,408.75, representing $62,722.00[5] in interim attorneys' fees and $19,686.75 in interim attorneys' costs.

**Accordingly, I award the total of $82,408.75 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Donald Downing, Esq.**

---

[3] For Ms. Van Cottt, 2.50 hours were reduced from her overall billing, resulting in a reduction of $502.50 for entries billed on May 23, 2017, September 15, 2017, December 11, 2017, July 18, 2018, October 23, 2018, January 14, 2019, June 7, 2019, July 17, 2019, and August 5, 2019.  For Mr. Cain, 0.30 hours were reduced from his overall billing, resulting in a reduction of $40.50 for his entry on May 18, 2019.  For Ms. Avery, 2.30 hours were reduced from her overall billing, resulting in a reduction of $300.00 for entries billed on December 16, 2016, January 9, 2017, April 11, 2017, May 8, 2017, June 16, 2017, December 11, 2017, May 18, 2018, July 17, 2018, June 7, 2019, June 10, 2019, July 17, 2019, July 18, 2019, and August 5, 2019.

[4] There was time billed for administrative tasks on November 7, 2016, November 21, 2016, December 1, 2016, December 12, 2016, January 19, 2017, May 18, 2017, and February 1, 2018.  Although reductions were made only for billing entries that reflected exclusively administrative tasks, counsel is reminded that block billing is also disfavored.

[5] $63,726.00 (requested interim attorneys' fees) - $1,004.00 (reduction for duplicative and excessive billing and administrative tasks) = $62,722.00.

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.