# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-215V
### Filed: April 16, 2020
UNPUBLISHED

|  |  |
|---|---|
| JULIA BALASCO, <br><br>          Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>          Respondent. | Special Master Horner <br><br> Attorneys' Fees and Costs Decision |

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 6, 2020, petitioner moved for an award of final attorneys' fees and costs in the amount of $8,615.50.  (ECF No. 80.)  In response, respondent indicated that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (ECF No. 82.)  However, respondent requested that the special master exercise his discretion to determine a reasonable award of attorneys' fees and costs.  (*Id.* at 3.)  For the reasons discussed below, I award petitioner the requested final attorneys' fees and costs in full.

## I.    Procedural History

Petitioner filed this claim on February 14, 2017, seeking compensation for postural orthostatic tachycardia syndrome ("POTS") and autonomic dysfunction caused

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

by the Gardasil human papillomavirus ("HPV") vaccination.[2]  (ECF No. 1.)  On October 8, 2019, petitioner was awarded interim attorneys' fees and costs in the amount of $82,408.75.  (ECF No. 73.)  Shortly thereafter, on February 14, 2020, petitioner's case was dismissed pursuant to a decision based on the written record.  (ECF No. 77.)  On April 6, 2020, petitioner filed the instant motion for final attorneys' fees and costs.  (ECF No. 80).  On April 15, 2020, respondent filed his response.  (ECF No. 82.)

## II.   Discussion

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Subsequent to an award of interim attorneys' fees and costs, petitioner is now seeking additional final attorneys' fees of $8,615.50.  Petitioner indicated that no additional costs have been incurred since the award of interim attorneys' fees and costs.   (ECF No. 80, p. 3.)

In light of all the facts and circumstances presented, particularly the prior award of interim fees accounting for the vast majority of attorneys' fees and costs incurred in this case, and mindful of respondent's response to the instant application, I find upon review of the submitted billing records and based on my experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable. Thus, especially in the absence of any particularized objection from respondent, further analysis is not warranted.[3]  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl 1991.) Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

---

[2] Initially this case was captioned as Michaela Balasco and Steven Balasco on behalf of their minor child, J.B.  The caption was changed on October 18, 2018, after Julia Balasco reached the age of majority. (ECF No. 47.)

[3] Petitioner did disclose a significant rate increase for attorney Courtney Van Cott for calendar year 2020; however, only *de minimis* hours were billed at that rate and the difference in rates would not materially affect the reasonableness of the overall amount sought.  Accordingly, in awarding fees in the total requested amount I do not reach the question of whether the specific hourly rate requested by Ms. Van Cott for work performed in 2020 is reasonable.

### III.    Conclusion

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, petitioner's motion for an award of final attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $8,615.50.

**Accordingly, I award the total of $8,615.50 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.